UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THE ESTATE OF JOANN MATOUK
ROMAIN,

        Plaintiff,                            Civil Action No. 14-12289

v.                                             Honorable Linda V. Parker

THE CITY OF GROSSE POINTE
FARMS, et al.,

        Defendant,
_____/

## OPINION AND ORDER (1) GRANTING DEFENDANTS' MOTION TO SET ASIDE CLERK'S ENTRY OF DEFAULTS AND (2) DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

Plaintiff filed this lawsuit against twenty-eight known and unknown defendants on June 10, 2014, alleging civil rights violations arising from the investigation of the alleged murder of JoAnn Matouk Romain ("Ms. Romain"). Specifically, Ms. Romain's estate (hereafter "Plaintiff") claims that Defendants ruled Ms. Romain's death a suicide when she in fact was murdered, failed to properly investigate Ms. Romain's disappearance, and conspired to cover-up evidence and conceal the identify of the murder, who Plaintiff has sued here as "John Doe Killer". Plaintiff suggests that Defendants' actions permitted the supposed killer to escape detection on the night of Ms. Romain's disappearance and carry out the murder. Plaintiff filed a First Amended Complaint on July 16,

2014.

Presently before the Court are the following motions: (1) Plaintiff's "Motion for Clerk's Entry of Judgment by Default" against Defendants The City of Grosse Pointe Woods ("Grosse Pointe Woods") and its police officers Andrew Pazuchowski, John Kosanke, John Ross, Keith Waszak, Dennis Walker, Martin Mitchell, and Anthony Chalut (collectively "Grosse Pointe Woods Defendants") (ECF No. 47); and (2) The Grosse Pointe Woods Defendants' "Motion to Set Aside Clerk's Entry of Defaults" (ECF No. 53).[1] The motions have been fully briefed. On September 9, 2014, this Court issued a notice informing the parties that it is dispensing with oral argument with respect to the motions pursuant to Eastern District of Michigan Local Rule 7.1(e). For the reasons stated below, the Court grants the motion to set aside the clerk's entry of default and denies the motion for default judgment.

## I. Procedural Background

After Plaintiff initiated this lawsuit on June 10, 2014, the City Attorney for

---

[1]Although Plaintiff's motion is styled as a motion for Clerk's entry of default judgment, it cites to Federal Rule of Civil Procedure 55(b)(2) which provides for default judgment entered by the Court. In fact, the Clerk may enter a default judgment only when "the plaintiff's claim is for a sum certain or a sum that can be made certain by computation . . .." Fed. R. Civ. P. 55(b)(1). This is not such a case.

Grosse Pointe Woods, Don Berschback ("City Attorney Berschback"), contacted Plaintiff's counsel and indicated that he would accept service of process on behalf of the Grosse Pointe Woods Defendants. (ECF No. 53 at ¶ 2, Ex. 1.) On July 25, 2014, a process server delivered the summons and First Amended Complaint for the Grosse Pointe Woods Defendants to City Attorney Berschback's office. (*Id.* ¶ 4.) City Attorney Berschback then requested that the lawsuit be placed on the next Grosse Pointe Woods' City Council Meeting, scheduled for August 4, 2014. (*Id.* ¶ 6.) At that meeting, the City Council referred the item for further processing and to its insurance carrier. (*Id.* ¶ 7.) According to City Attorney Berschback, there was a misunderstanding as to whether he or the City Treasurer/Comptroller was notifying the insurance carrier of the lawsuit.

On August 18 2014, three days after the Grosse Pointe Woods Defendants' Answers to the Amended Complaint were due, Plaintiff filed form requests for Clerk's Entry of Default against these defendants. (ECF Nos. 27-29, 33-37.) Entries of default were entered by the Clerk of the Court that day. (ECF Nos. 30-32, 38-42.) Two days later, on August 20, 2014, Plaintiff filed the pending motion for default judgment. (ECF No. 47.) A copy of the motion, addressed to City Attorney Berschback, was delivered to the U.S. Postal Service for delivery on August 25, 2014. (ECF No. 53, Ex. 3.)

It was upon City Attorney Berschback's receipt of Plaintiff's motion for default judgment that he discovered that the insurance carrier had not been notified of Plaintiff's lawsuit. The insurance carrier was then notified and retained counsel to defend the Grosse Pointe Woods Defendants, who entered an appearance on the record in this case on August 29, 2014. After unsuccessfully seeking Plaintiff's concurrence in the relief sought (ECF No. 53 ¶ 17), counsel for the Grosse Pointe Woods Defendants filed a motion on their behalf, seeking to set aside the clerk's entries of default on September 5, 2014. (ECF No. 53.)

## II. Applicable Law and Analysis

Pursuant to Federal Rule of Civil Procedure 55(c), a court may set aside an entry of default for "good cause." In determining if "good cause" exists, courts consider whether: (1) the plaintiff will be prejudiced if the default is set aside; (2) the defendant has a meritorious defense; and (3) culpable conduct of the defendant led to the default. *United States v. $22,050.00 U.S. Currency*, 595 F.3d 318, 324 (6th Cir. 2010) (citing *Waifersong, Ltd. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir. 1992)). Courts employ a "lenient standard" in evaluating a request to set aside a default that has not yet reached judgment. *Shepard Claims Serv., Inc. v. William Darrah & Associates*, 796 F.2d 190, 193 (6th Cir. 1986). Federal courts favor trials on the merits; therefore, "any doubt should be resolved in favor of the

petition to set aside the judgment." *United Coin Meter Co. v. Seaboard Coastline R.R.*, 705 F.2d 839, 846 (6th Cir. 1983) (quoting *Tozer v. Krause Milling Co.*, 189 F.2d 242, 245 (3d Cir. 1951)).

As to the first factor, the Grosse Pointe Woods Defendants assert that no party will suffer prejudice if the defaults are set aside. (ECF No. 53 ¶ 20.) In response, Plaintiff asserts that its "counsel put significant time and energy into these pleadings, including the [d]efault pleadings." (ECF No. 71 ¶ 20.) Plaintiff's counsel could have avoided that "time and energy", however, had he contacted City Attorney Berschback– who had previously agreed to accept service on behalf of these defendants– prior to filing (and even preparing) the motions, as is required by the Local Rules. *See* E.D. Mich. LR 7.1(a)(1). Further, if this type of prejudice justified the denial of a motion to set aside a clerk's entry of default, no motion would ever be granted. The Court therefore finds no prejudice to Plaintiff if the Clerk's entries of default are set aside. Notably, delay alone is not a sufficient basis for prejudice. *Burrell v. Henderson*, 434 F.3d 826, 835 (6th Cir. 2006) ("Delay in adjudicating a plaintiff's claim does not qualify as sufficient prejudice under Rule 55.").) "Rather it must be shown that delay will result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud and collusion." *INVST Fin. Group, Inc. v. Chem-Nuclear Sys., Inc.*, 815

F.2d 391, 398 (6th Cir. 1987) (citations omitted).

The Grosse Pointe Woods Defendants assert several meritorious defenses to Plaintiff's lawsuit. Although the Grosse Pointe Woods Defendants simply list these defenses in their motion (ECF No. 53 at 4), they elaborate in their reply brief on why these defenses are viable against Plaintiff's claims. (ECF No. 73 at Pg ID 756-58.)

Lastly, there is no evidence that culpable conduct led to the default. The Sixth Circuit Court of Appeals has held that a district court should grant the motion to set aside a default "if the party offers a credible explanation for the delay that does not exhibit disregard for the judicial proceedings." *Shepard Claims Serv., Inc.*, 796 F.2d at 195. It would be an abuse of discretion for this Court to deny the Grosse Pointe Woods Defendants' motion unless they willfully failed to answer Plaintiff's First Amended Complaint. *See $22,050 U.S. Currency*, 595 F.3d at 324. A defendant's conduct must suggest "an intent to thwart judicial proceedings or a reckless disregard for the effect of its conduct on judicial proceedings" to be deemed culpable for default. *Id*. at 327. There is no suggestion here.

### III.   Conclusion

Therefore, this Court concludes that the entries of default against the Grosse Pointe Woods Defendants should be set aside and Plaintiff's Motion for Clerk's

Entry of Judgment by Default against the Grosse Pointe Woods Defendants should be denied.

Accordingly,

**IT IS ORDERED**, that Defendants' Motion to Set Aside Clerk's Entry of Defaults (ECF No. 53) is **GRANTED**;

**IT IS FURTHER ORDERED**, that Plaintiff's Motion for Clerk's Entry of Judgment by Default (ECF No. 47) is **DENIED**.

                                          S/ Linda V. Parker
                                          LINDA V. PARKER
                                          U.S. DISTRICT JUDGE

Dated: October 8, 2014

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, October 8, 2014, by electronic and/or U.S. First Class mail.

                                          S/ Richard Loury
                                          Case Manager