UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THE ESTATE OF JOANN MATOUK
ROMAIN and MICHELLE MARIE ROMAIN,

        Plaintiffs,

v.

        Civil Case No. 14-12289
        Honorable Linda V. Parker

THE CITY OF GROSSE POINTE FARMS,
DANIEL JENSEN, HOLLY KRIZMANICH,
JACK PATTERSON, ANDREW ROGERS,
RICHARD A. ROSATI, MICHAEL MCCARTHY,
KEITH COLOMBO, ANTONIO TRUPIANO,
GEOFFREY MCQUEEN, WELSEY KIPKE,
JOHN WALKO, FRANK ZIELINSKI, RICKY
GOOD, THE CITY OF GROSSE POINTE
WOODS, ANDREW PAZUCHOWSKI, JOHN
KOSANKE, JOHN ROSS, KEITH WASZAK,
DENNIS WALKER, MARTIN MITCHELL,
ANTHONY CHALUT, OFFICER JOHN DOE,
TIMOTHY J. MATOUK, JOHN DOE, and
KILLER JOHN DOE,

        Defendants.
_____/

## OPINION AND ORDER DENYING DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT

This matter is now before the Court on a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b), filed by Defendants City of Grosse Pointe Farms, Daniel Jensen, Holly Krizmanich, Jack Patterson, Andrew Rogers, Richard Rosati, Michael McCarthy, Keith Colombo, Antonio Trupiano, Geoffrey

McQueen, Wesley Kipke, John Walko, Frank Zielinski, and Ricky Good (hereafter "Grosse Pointe Farms Defendants"). The motion has been fully briefed. The Court finds the facts and legal arguments sufficiently presented in the parties' pleadings and therefore is dispensing with oral argument pursuant to Eastern District of Michigan Local Rule 7.1(f). For the reasons that follow, the Court is denying the Grosse Pointe Farms Defendants' motion to partially dismiss Plaintiffs' Second Amended Complaint.

## Procedural Background

JoAnn Matouk Romain ("Ms. Romain"), through her personal representative Michelle Marie Romain, filed this lawsuit on June 10, 2014, claiming that Defendants murdered and/or conspired to cover up the murder of Ms. Romain. Plaintiffs filed an Amended Complaint on July 16, 2014, in which they asserted the following claims against Defendants: (I) denial of right of access to the courts under 42 U.S.C. § 1983; (II) conspiracy to deny Plaintiffs their constitutional rights under 42 U.S.C. § 1985; (III) "state created danger" under 42 U.S.C. § 1983; (IV) violation of the Freedom of Information Act ("FOIA"); (V) spoliation of evidence; (VI) violations of substantive and procedural due process and the Fair and Just Treatment Doctrine under the Michigan Constitution; (VII) municipal liability under 42 U.S.C. § 1983; and (VIII) wrongful death. The Grosse Pointe Farms Defendants filed answers to Plaintiffs' Amended Complaint on September 8, 2014.

(ECF Nos. 55-68.) The remaining defendants filed motions to dismiss. (ECF Nos. 77, 82.)

On March 18, 2015, this Court issued an opinion and order granting in part and denying in part the motions to dismiss. (ECF No. 91.) The Court found that Plaintiffs failed to plead the essential elements of their denial of access to the courts claim under 42 U.S.C. § 1983, but gave them the opportunity to amend their pleading to remedy the defects identified by the Court. The Court dismissed Plaintiffs' FOIA claim (Count IV), spoliation of evidence claim (Count V), and claim alleging due process violations under the Michigan Constitution (Count VI), in their entirety (i.e., against all defendants). The Court also dismissed Plaintiffs' wrongful death claim (Count VIII) against those defendants associated with the City of Grosse Pointe Woods ("the Grosse Pointe Woods Defendants"): the City of Grosse Pointe Woods, Andrew Pazuchowski, John Kosanke, John Ross, Keith Waszak, Dennis Walker, Martin Mitchell, and Anthony Chalut. Specifically, the Court found that "[t]he facts alleged in Plaintiffs' Amended Complaint do not suggest that the Grosse Pointe Woods Defendants' conduct was the cause of Ms. Romain's death." (*Id.* at 40.) The Court dismissed all of Plaintiffs' claims against two defendants, Martin Mitchell and Dennis Walker, and therefore dismissed them from this action completely.

3

On March 31, 2015, Plaintiffs filed a Second Amended Complaint.  (ECF No. 93.)  In their amended pleading, Plaintiffs list only those claims and defendants remaining after the Court's March 18, 2015 ruling.  In the factual background section of the pleading, however, Plaintiffs do claim that Defendants engaged in spoliation of evidence.  (*Id*. ¶ 47(d).)  The Grosse Pointe Farms Defendants now ask the Court to "dismiss" Plaintiffs' spoliation of evidence reference and Plaintiffs' wrongful death claim.  With respect to the latter, the Grosse Pointe Farms Defendants argue that the Court already has held that the facts alleged in Plaintiffs' pleading are insufficient to state a wrongful death claim against any defendant but Defendant Timothy J. Matouk ("Defendant Matouk").  Alternatively, the Grosse Pointe Farms Defendants contend that the claim is subject to dismissal for failure to plead in avoidance of immunity under Michigan law.

## Analysis

### Spoliation of Evidence

The Grosse Pointe Farms Defendants' request with respect to Plaintiffs' reference to spoliation of evidence is more properly brought as a motion to strike under Federal Rule of Civil Procedure 12(f), than as a motion to dismiss under Rule 12(b)(6), as Plaintiffs do not assert a spoliation of evidence claim in their Second Amended Complaint.  Rule 12(f) states that "[t]he court may strike from a

pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).

"While this Court has wide discretion to strike 'redundant, immaterial, impertinent, or scandalous' material from a pleading, courts tend to disfavor motions to strike and they are infrequently granted, because a motion to strike 'proposes a drastic remedy.' " *L and L Gold Assoc., Inc. v. American Cash for Gold, LLC*, No. 09-10801, 2009 WL 1658108, at *1 (E.D. Mich. June 10, 2009) (quoting *Stanbury Law Firm v. IRS*, 221 F.3d 1059, 1063 (8th Cir. 2000)). "An allegation is 'impertinent' or 'immaterial' when it is not relevant to the issues involved in the action. 'Scandalous' generally refers to any allegation that unnecessarily reflects on the moral character of an individual or states anything in repulsive language that 'detracts from the dignity of the court.' " *Id*. (quoting *Cobell v. Norton*, 225 F.R.D. 1, 5 (D.D.C. 2003) (additional quotation marks and citations omitted)).

Plaintiffs' reference to spoliation of evidence in paragraph 47(d) of their Second Amended Complaint is neither redundant nor scandalous. The Court finds the allegation relevant to the issues involved in the action. As such, the Court finds no basis on which to strike this portion of Plaintiffs' pleading.

**Wrongful Death**

In their First Amended Complaint, Plaintiffs did not specify whether their wrongful death claim was brought under § 1983 or state law.  (*See* ECF No. 3 ¶¶ 107-09.)  The subsequently filed pleadings in connection with Defendant Matouks' and the Grosse Pointe Woods Defendants' motions to dismiss did not provide further elucidation with respect to the basis of the claim.  When ruling on the motions, however, the Court assumed the claim was brought under Michigan's wrongful death statute.[1]  In their Second Amended Complaint, however, Plaintiffs clearly identify their wrongful death claim as being brought under § 1983 against only the Grosse Pointe Farms Defendants, Defendant Matouk, Defendant John Doe, and Defendant Killer John Doe.[2]  (*See* ECF No. 93 at ¶¶ 81-83.)  Thus the Court will evaluate the claim as such in considering the present motion to dismiss.[3]

---

[1] The Court made this assumption because Plaintiffs referred to § 1983 expressly in the title of other counts which were brought under the statute.  (*See* ECF No. 3.)

[2] Because Plaintiffs clearly identify in their Second Amended Complaint that their claim is brought under § 1983, the Court fails to understand the Grosse Pointe Farms Defendants' argument in their reply brief that Plaintiffs waived their "argument" that the claim is brought under federal rather than state law.  (*See* ECF No. 119 at Pg ID 1849.)

[3] This is a distinction without a difference, however, because whether brought under § 1983 or state law, wrongful death is not a separate cause of action.  *See Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 598-600 (6th Cir. 2006) (explaining that, pursuant to 42 U.S.C. § 1988, Michigan's wrongful death statute provides the damages available when a civil rights violation results in death and that Michigan's wrongful death statute is derivate and thus does not provide an independent cause of action); *Kane v. Rohrbacher*, 83 F.3d 804, 805 (6th Cir. 1996) (discussing (Cont'd . . .)

Whether brought under Michigan's wrongful death statute or § 1983, however, damages for wrongful death are available only where the defendant's unlawful conduct (a constitutional violation in the case of § 1983) was a cause of the death. *See, e.g., Cameron v. City of Pontiac, Mich.*, 813 F.2d 782, 782 (6th Cir. 1987) (holding that, even if the decedent had been seized by unreasonable means, his estate could not recover unless the constitutional violation caused the death). "Traditional tort concepts of causation inform the causation inquiry on a § 1983 claim." *Powers v. Hamilton Cnty. Public Defender Comm'n*, 501 F.3d 592, 608 (6th Cir. 2007), *cert. denied* 555 U.S. 813 (2008) (citation omitted). This means that for § 1983, like Michigan's wrongful death statute, the misconduct must be the cause in fact and legal or proximate cause of the alleged injury. *See Halliw v. Sterling Heights*, 627 N.W.2d 581, 588 (Mich. 2001) (defining causation

---

Michigan court decisions holding "that a wrongful death action is derivative, rather than independent, of a decedent's underlying tort action."). Instead, it is simply a mechanism for determining whether an action under § 1983 for injury to the person survives the person's death and for recovering damages when the alleged wrongful conduct resulted in death. *See Frontier Ins. Co.*, 454 F.3d at 598-604 (looking to Michigan law to determine damages recoverable under § 1983 for death of injured person); *Hall v. Wooten*, 506 F.2d 564 (6th Cir. 1974) (looking to Kentucky law to determine whether civil rights action survived the death of the injured person and could be maintained by his legal representative); *see also Mitchell v. City of Warren*, No. 09-11480, 2012 WL 424899, at *6 (E.D. Mich. Feb. 9, 2012) ("It is clear that § 1988 allows § 1983 plaintiffs to 'include remedies available under state statutes' like the Wrongful Death Act as a means of collecting damages in circumstances like this where [the p]laintiff is a decedent's estate and the decedent perished as a result of constitutional violations.").

for purposes of a wrongful death claim under Michigan law); *Horn v. Madison Cnty. Fiscal Court*, 22 F.3d 653, 659 (6th Cir. 1994) (citing *Doe v. Sullivan Cnty., Tenn.*, 956 F.2d 545, 550 (6th Cir.), *cert. denied*, 506 U.S. 864 (1992) (defining § 1983's causation requirement)).

> The Sixth Circuit has described the "cause in fact" requirement as follows:
>
> Cause in fact is typically assessed using the "but for" test, which requires [the court] to imagine whether the harm would have occurred if the defendant had behaved other than it did. . . . "Conduct is the cause in fact of a particular result if the result would not have occurred but for the conduct. Similarly, if the result would have occurred without the conduct complained of, such conduct cannot be a cause in fact of that particular result."

*Powers*, 501 F.3d at 608 (quoting *Butler v. Dowd*, 979 F.2d 661, 669 (8th Cir. 1992)). The *Powers* court then explained proximate cause:

> Courts have framed the § 1983 proximate-cause question as a matter of foreseeability, asking whether it was reasonably foreseeable that the complained of harm would befall the § 1983 plaintiff as a result of the defendant's conduct. Even if an intervening third party is the immediate trigger for [the] plaintiff's injury, the defendant may still be proximately liable, provided that the third party's actions were foreseeable.

*Id*. at 609.

The Grosse Pointe Farms Defendants first argue that "this Court has already recognized" that the allegations in Plaintiffs' complaint are insufficient to satisfy the causation element to state a plausible claim for wrongful death. In fact, however, the Court only held that the allegations were insufficient to state a

8

wrongful death claim against *the Grosse Pointe Woods Defendants*. The Court reached this conclusion because the Grosse Pointe Woods Defendants were not involved in the "investigation" surrounding Ms. Romain's disappearance until two days after she went missing. The Grosse Pointe Farms Defendants, in comparison, were involved from the beginning-- and perhaps even before Ms. Romain's abandoned car was claimed to have been found in the parking lot of St. Paul Catholic Church. Plaintiffs allege sufficient facts in their Second Amended Complaint to suggest that Ms. Romain's alleged murder would not have come about but for the Grosse Pointe Farms Defendants' conduct and that her alleged murder was a foreseeable (if not planned) consequence of their conduct.

The Grosse Pointe Farms Defendants' argument based on Michigan's governmental tort immunity statute is inapplicable, as Plaintiffs' Second Amended Complaint makes clear that their claim is brought under § 1983. *See Palmer v. City of Monticello*, 31 F.3d 1499, 1504 & n.5 (10th Cir. 1994) (citing cases holding that a § 1983 claim is not restricted by the contours of privilege and immunity under state law); *see also Howlett v. Rose*, 496 U.S. 356, 375 (1990) ("The elements of, and the defenses to, a federal cause of action are defined by federal law.") As explained in *Palmer*:

> "Conduct by persons acting under color of state law which is wrongful under 42 U.S.C. § 1983 or § 1985(3) cannot be immunized by state law. A construction of the federal statute which permitted a state immunity defense to have controlling effect would transmute a

> basic guarantee into an illusory promise; and the supremacy clause of the Constitution insures that the proper construction may be enforced. . . . The immunity claim raises a question of federal law."

*Id*. at 1504 (quoting *Martinez v. California*, 444 U.S. 277, 284 n.8 (1980) (omitting additional quotation marks and citations)).  In short, Michigan's governmental immunity from tort liability statute is inapplicable to Plaintiffs' § 1983 wrongful death claim and thus Plaintiffs' claim is not subject to dismissal for failure to plead in avoidance of immunity under the statute.

## Conclusion

For the reasons stated, the Court concludes that Plaintiffs' reference to spoliation of evidence and their wrongful death claim are not subject to dismissal.

Accordingly,

**IT IS ORDERED**, that the Grosse Pointe Farms Defendants' motion to dismiss [ECF No. 111] is **DENIED**.


                                             s/ Linda V. Parker
                                             LINDA V. PARKER
                                             U.S. DISTRICT JUDGE

Dated: July 31, 2015

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, July 31, 2015, by electronic and/or U.S. First Class mail.

                                             s/ Richard Loury
                                             Case Manager