UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ESTATE OF JOANN MATOUK ROMAIN
and MICHELLE MARIE ROMAIN,

        Plaintiffs,

v.                                              Case No. 14-12289
                                              Honorable Linda V. Parker

CITY OF GROSSE POINTE FARMS,
et al.,

        Defendants.
_____/

**OPINION AND ORDER DENYING DEFENDANTS' JOINT MOTION FOR STAY PENDING FBI CRIMINAL INVESTIGATION [ECF NO. 140] AND PLAINTIFFS' MOTION FOR SANCTIONS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 11 [ECF NO. 143]**

Michelle Marie Romain ("Michelle Romain"), on her own behalf and as personal representative of the estate of her deceased mother, JoAnn Matouk Romain ("Ms. Romain"), filed this lawsuit against Defendants on June 10, 2014. Plaintiffs claim that Defendants murdered and/or conspired to cover up the murder of Ms. Romain on or around January 12, 2010. Presently before the Court is Defendants' Joint Motion for Stay Pending FBI Criminal Investigation, filed November 24, 2015. (ECF No. 140.) The motion has been fully briefed. (ECF Nos. 142, 145.) Plaintiffs filed a motion for sanctions under Rule 11 of the Federal Rules of Civil Procedure in response to Defendants' motion, which also is pending before the Court. (ECF No. 46.)

In their motion, Defendants seek to stay Plaintiffs' lawsuit pending the FBI's investigation of the same facts and circumstances that form the basis of Plaintiffs' civil claims.  According to Defendants, they first learned of this FBI investigation during Michelle Romain's November 20, 2015 deposition.  Defendants state that Michelle Romain testified "that she met with FBI investigators on November 6, 2015 in the hope that there would be some sort of criminal prosecution related to her mother's death." (ECF No. 140 at Pg ID 2277.)  Defendants inform the Court that they "have no idea or understanding of the target, parameters or contours of the FBI's investigation." (*Id.*)  Yet they contend that, as a result of the investigation, "the Fifth Amendment privilege against self incrimination may prevent or drastically limit the depositions of those Defendants not yet deposed." (*Id.*)

A court has the broad discretion to stay a civil proceeding when there is a pending or impending parallel criminal action.  *FTC v. E.M.A. Nationwide, Inc.*, 767 F.3d 611, 627 (6th Cir. 2014) (citing *Chao v. Fleming*, 498 F. Supp. 2d 1034, 1037 (W.D. Mich. 2007) (citing *Landis v. North Am. Co.*, 299 U.S. 248, 254-55 (1936)).  The failure to stay a civil proceeding when there is a pending parallel criminal action targeting one of the parties to the civil action could undermine the party's Fifth Amendment privilege against self-incrimination.  *In re Par Pharm., Inc. Sec. Litig.*, 133 F.R.D. 12, 13 (S.D.N.Y. 1990); *see also E.M.A. Nationwide*, 767 F.3d at 627 (identifying "the extent to which the defendant's [F]ifth [A]mendment rights are

implicated" as a factor to consider when deciding whether to grant a stay). Several factors are relevant to a court's decision whether to enter a stay, including:

> "1) the extent to which the issues in the criminal case overlap with those presented in the civil case; 2) the status of the [criminal] case, including whether the defendants have been indicted; 3) the private interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to [the] plaintiffs caused by the delay; 4) the private interests of and burden on the defendants; 5) the interests of the courts; and 6) the public interest."

*E.M.A. Nationwide*, 767 F.3d at 627 (quoting *Fleming*, 498 F. Supp. 2d at 1037) (additional quotation marks and citation omitted in *E.M.A. Nationwide*).

"In general, courts recognize that the case for a stay is strongest where the defendant has already been indicted." *Fleming*, 498 F. Supp. 2d at 1037 (citing cases). As the Sixth Circuit provided in *E.M.A. Nationwide*:

> "A stay of a civil case is most appropriate where a party to the civil case has already been indicted for the same conduct for two reasons: first, the likelihood that a defendant may make incriminating statements is greatest after an indictment has issued, and second, the prejudice to the plaintiffs in the civil case is reduced since the criminal case will likely be quickly resolved due to Speedy Trial Act considerations."

767 F.3d at 628 (quoting *Trustees of Plumbers & Pipefitters Nat'l Pension Fund v. Transworld Mech.*, 886 F. Supp. 1134, 1139 (S.D.N.Y. 1995)). The Sixth Circuit further stated that "courts generally do not stay proceedings in the absence of an indictment." *Id*. In fact, some courts have expressed that, where a defendant filing a motion to stay has not been indicted, the motion may be denied on

that ground alone. *State Farm Mut. Auto. Ins. Co. v. Beckham-Easley*, No. Civ. A. 01-5530, 2002 WL 31111766, at *2 (E.D. Pa. Sept. 18, 2002) (citing *United States v. Private Sanitation Indus. Ass'n of Nassau/Suffolk, Inc.*, 811 F. Supp. 802 (E.D.N.Y. 1992); *SEC v. Dresser Indus., Inc.*, 628 F.2d 1368, 1376 (D.C. Cir.1980)). In any event, as relevant to the current civil action, not only have there been no indictments issued, but there have been no criminal proceedings initiated and there is no evidence that there is even an ongoing criminal investigation. Thus the second factor does not favor a stay.

Defendants base their request for a stay on Michelle Romain's testimony that she met with FBI investigators "in the *hope* that there would be some sort of criminal prosecution . . .." As Defendants indicate in their reply brief, Michelle Romain "actively solicitated [sic] an investigation from the FBI as early as February/March 2010[.]" (ECF No. 145 at Pg ID 2341, citing Ex. 1 at 151, 152.) And according to Plaintiffs' Amended Complaint, *four years ago*, eye-witness Paul Hawk went to the FBI to report that on the night of Ms. Romain's disappearance, he was driving on Lakeshore Drive near St. Paul's Catholic Church (where Ms. Romain's abandoned car had been found) when he saw Ms. Romain sitting on the break-wall of Lake Saint Clair with two men standing nearby (one of whom Mr. Hawk has identified as Defendant Timothy Matouk). (ECF No. 3 at ¶ 53.) Mr. Hawk also reported that he was concerned Ms. Romain was in danger based on her appearance and the conduct of

4

the men, including the fact that when Mr. Hawk started to slow down, one of the men motioned in a manner suggesting that he had a gun and then directed Mr. Hawk to drive through. (*Id.*) Yet, as of today, there is no indication that the FBI has decided to move forward with any investigation concerning Ms. Romain's disappearance.

Absent evidence of a pending investigation, the Court cannot determine, inter alia, who is being investigated or the conduct for which they are being investigated. As such, the Court has no way of assessing whether there is any overlap between the civil and hypothetical criminal proceedings. "If there is no overlap, then there would be no danger of self-incrimination and no need for a stay." *Fleming*, 498 F. Supp. 2d at 1039 (internal quotation marks and citation omitted). For that reason, the district court in *Fleming* found the extent of the overlap to be "the most important factor" in the court's analysis of whether a stay is appropriate. *Id.* This Court believes that the other factors relevant to determining whether a stay is appropriate also weigh in favor of denying Defendants' request.

Plaintiffs clearly have an interest in proceeding expeditiously in this case which has been pending for a year and a half already. Michelle Romain has been attempting to uncover information concerning her mother's disappearance for six years. Without any indication that an FBI investigation has begun or that a criminal prosecution arising from such an investigation is likely, Plaintiffs face an uncertainty of how long the delay in this case would last if the Court enters a stay. The Court finds little risk

of prejudice to Defendants' interests or any burden on them if the matter is not stayed. At this point, all but one of the named Defendants has been deposed and none of the deposed defendants invoked their Fifth Amendment rights.

The Court's interests are not benefitted by issuing a stay given the uncertainty surrounding when, if ever, indictments will be issued.  Rather than reducing or eliminating the need for discovery or increasing the likelihood of a settlement, the Court believes that a stay would only delay the work that needs to be done and interfere with the Court's ability to expeditiously resolve this matter.  Plaintiffs contend that the public's interest in having an individual's injuries remedied in a timely manner weigh in favor of denying Defendants' request for a stay.  (ECF No. 142 at Pg ID 2325, citing *E.M.A. Nationwide*, 767 F.3d at 629.)  Although courts have found this interest also served through a criminal prosecution, *see McGee v. Madison Cnty.*, No. 1:15-cv-01069, 2015 U.S. Dist. LEXIS 74801, at * (W.D. Tenn. June 10, 2015), the uncertainty of whether criminal proceedings will ever materialize leads this Court to conclude that the public's interest is best served by not staying these civil proceedings.

For the above reasons, the Court finds no justification for a stay of these civil proceedings.  Nevertheless, the Court cannot conclude that Defendants requested the stay to abuse the legal process.

Accordingly,

**IT IS ORDERED**, that Defendants' Joint Motion for Stay Pending FBI Criminal Investigation (ECF No. 140) is **DENIED**;

**IT IS FURTHER ORDERED**, that Plaintiffs' Motion for Sanctions Pursuant to Federal Rule of Civil Procedure 11 (ECF No. 143) is **DENIED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: February 11, 2016

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, February 11, 2016, by electronic and/or U.S. First Class mail.

s/ Richard Loury
Case Manager
