UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ESTATE OF JOANN MATOUK ROMAIN
and MICHELLE MARIE ROMAIN,

       Plaintiffs,

v.                                      Civil Case No. 14-12289
                                        Honorable Linda V. Parker

CITY OF GROSSE POINTE FARMS,
et al.

       Defendants.
_____/

**OPINION AND ORDER (1) REJECTING THE PARTIES' OBJECTIONS [ECF NOS. 178, 179, 184, 187] TO THE MAGISTRATE JUDGE'S MAY 12, 2016 ORDER AND (2) DENYING THE GROSSE POINTE WOODS DEFENDANTS' MOTION FOR LEAVE TO DEPOSE MICHELLE ROMAIN FOR TWO ADDITIONAL HOURS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 30 [ECF NO. 185]**

      This matter currently is before the Court on various objections to Magistrate Judge Stephanie Davis' May 12, 2016 Order on Defendants' Motion to Compel the Continued Deposition of Plaintiffs' Personal Representative and Plaintiffs' Motion to Compel Depositions. In her decision, Magistrate Judge Davis granted Defendants' motion to continue the deposition of Plaintiffs' Personal Representative, Michelle Romain, but denied the motion to the extent Defendants sought more than a total of seven hours to conduct Ms. Romain's deposition. (ECF No. 175.) Magistrate Judge Davis also denied Plaintiffs' motion to compel

the continued depositions of Defendants Timothy J. Matouk and John Doe (now known to be Grosse Pointe Woods Public Safety Officer Darrell Fisher). (*Id.*)

The "Grosse Pointe Farms Defendants" filed objections to Magistrate Judge Davis' decision on May 16, 2016. (ECF No. 178.) Defendant Matouk filed an "objection" on the same date, in which he adopts the Grosse Pointe Farms Defendants' reasons for objecting to the decision. (ECF No. 179.) The "Grosse Pointe Woods Defendants" filed objections on May 23, 2016. (ECF No. 184.) On May 24, 2016, Plaintiffs filed objections with respect to Magistrate Judge Davis' decisions to allow for the continued deposition of Ms. Romain and to deny Plaintiffs' request to continue Mr. Matouk's and Mr. Fisher's depositions. (ECF No. 187.)

Also before the Court is a related motion filed by the "Grosse Pointe Woods Defendants" in which they seek permission to depose Ms. Romain for two hours beyond the seven hours set forth in Rule 30 of the Federal Rules of Civil Procedure. (ECF No. 185.) In their motion, the Grosse Pointe Woods Defendants indicate that the deposition of Ms. Romain continued on May 10, 2016, subsequent to Magistrate Judge Davis' decision, but concluded (in accordance with that decision) after three hours and forty-two minutes elapsed. The Grosse Pointe Woods Defendants contend that only the Grosse Pointe Farms Defendants had the

2

opportunity to question Ms. Romain during the total seven hours that she has been deposed. They argue in their motion, as well as in their objections to Magistrate Judge Davis' May 12 decision to limit Ms. Romain's total deposition time to seven hours, that they need to depose Ms. Romain beyond the presumptive seven-hour limit due to the complexity of the case and the number of defendants involved.

When a party objects to a magistrate judge's non-dispositive decision, the reviewing court must affirm the magistrate judge's ruling unless the objecting party demonstrates that it is "clearly erroneous" or "contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A). The "clearly erroneous" standard does not empower a reviewing court to reverse a magistrate judge's finding because it would have decided the matter differently. *See, e.g., Anderson v. Bessemer City, N.C.*, 470 U.S. 564, 573-74 (1985). Instead, the "clearly erroneous" standard is met when despite the existence of evidence to support the finding, the court, upon reviewing the record in its entirety, " 'is left with the definite and firm conviction that a mistake has been committed.' " *Id*. (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)).

" 'An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure.' " *Mattox v. Edelman*, No. 12-13762,

3

2014 WL 4829583, at *2 (E.D. Mich. Sept. 29, 2014) (quoting *Ford Motor Co. v. United States*, No. 08-12960, 2009 WL 2922875, at *1 (E.D. Mich. Sept. 9, 2009)). The reviewing court "must exercise independent judgment with respect to the magistrate judge's conclusions of law." *Haworth, Inc. v. Herman Miller, Inc.*, 162 F.R.D. 289, 291 (W.D. Mich. 1995) (citing *Gandee v. Glaser*, 785 F. Supp. 684, 686 (S.D. Ohio 1992), *aff'd* 19 F.3d 1432 (6th Cir. 1994)). None of the parties demonstrate that Magistrate Judge Davis' May 12, 2016 decision was clearly erroneous or contrary to law.

With respect to Defendants' objections, as Magistrate Judge Davis correctly observed, Rule 30 of the Federal Rules of Civil Procedure establishes a presumptive 7-hour duration for depositions. Fed. R. Civ. P. 30(d)(1). Magistrate Judge Davis also correctly recognized the authority granted to her in Rule 30(d) and Federal Rule of Civil Procedure 26 to alter the length of depositions "if needed to fairly examine the deponent . . .." Fed. R. Civ. P. 30(d)(1); *see also* Fed. R. Civ. P. 26(b)(1). Magistrate Judge Davis found no reason, however, why Defendants could not fairly examine Ms. Romain within the seven-hour durational limit. This Court agrees.

As Magistrate Judge Davis indicated at the motion hearing, the issues in this case are not complex. (*See* ECF No. 183 at Pg ID 3013.) In this Court's view,

4

there is not extensive information or subject areas to cover with Ms. Romain at a deposition "relevant to any party's claim or defense . . .." *See* Fed. R. Civ. P. 26(b)(1) (setting forth the scope of discovery). There may be "numerous Defendants and witnesses" (*see* ECF No. 184 at Pg ID 3024); however, this does not support Defendants' claimed need to depose Ms. Romain for longer than seven hours. Nor does the fact that three different sets of attorneys represent Defendants. As Magistrate Judge Davis observed, counsel should have been able to "divide up what need[ed] to be asked by whom and what time allocations to allow for that." (ECF No. 183 at Pg ID 3013.)

With respect to Plaintiffs' objections, it was within Magistrate Judge Davis' discretion whether to grant Plaintiffs leave to re-depose Mr. Matouk and Mr. Fisher. *See Eaton Corp. v. Weeks*, No. 13-12392, 2014 WL 700466, at \*3 (E.D. Mich. Feb. 24, 2014). As the court observed in *Weeks*, where new information relating to the subject of a deposition comes to light after the witness is deposed, courts typically allow for the witness to be re-deposed. *Id.* (quoting *Fresenius Med. Care Holdings, Inc. v. Roxane Labs., Inc.*, No. 05-0089, 2007 U.S. Dist. LEXIS 17834, at \*10 (S.D. Ohio Mar. 9, 2007)). However, as the *Weeks* court also observed, " 'the [c]ourt may deny leave to conduct a second deposition of the witness even if relevant documents are produced subsequent to the deposition if

5

the party taking the deposition . . . chose to conduct the deposition prior to the completion of document discovery.' " *Id*. Magistrate Judge Davis rejected Plaintiffs' request to re-depose Mr. Matouk and Mr. Fisher specifically because Plaintiffs' counsel elected to proceed with their depositions despite not having all of the discovery requested from Defendants.

For the above reasons, the Court rejects Defendants' and Plaintiffs' objections to Magistrate Judge Davis' May 12, 2016 decision and denies the Grosse Pointe Woods Defendants' motion for leave to depose Ms. Romain for two additional hours.

Accordingly,

**IT IS ORDERED** that the objections to Magistrate Judge Davis' May 12, 2016 order [ECF Nos. 178, 179, 184 & 187] are **DENIED**;

**IT IS FURTHER ORDERED** that the Grosse Pointe Woods Defendants' Motion for Leave to Depose Michelle Romain for Two Additional Hours [ECF No. 185] is **DENIED**.

                                      s/ Linda V. Parker  
                                      LINDA V. PARKER  
                                      U.S. DISTRICT JUDGE

Dated: June 10, 2016

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, June 10, 2016, by electronic and/or U.S. First Class mail.

                                            s/ Shawna Burns on behalf of Richard Loury
                                            Case Manager