UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ESTATE OF JOANN MATOUK ROMAIN,
et al.,

       Plaintiffs,

v.                                                       Civil Case No. 14-12289
                                                      Honorable Linda V. Parker

CITY OF GROSSE POINTE FARMS,
et al.

       Defendants.
_____/

## OPINION AND ORDER DENYING DEFENDANT TIMOTHY J. MATOUK'S MOTION FOR SANCTIONS (ECF NO. 277)

This lawsuit arising from the disappearance and death of Joann Matouk Romain ("Romain") is before the Court on a February 2, 2017 motion for sanctions filed by Defendant Timothy J. Matouk ("Matouk") pursuant to Rule 11 of the Federal Rules of Civil Procedure and 28 U.S.C. § 1927. In the motion, Matouk argues that Plaintiffs had sufficient documentation and information when they added him as a defendant to this litigation to know that there was no foundation for their allegations against him. The motion has been fully briefed.

Pursuant to Rule 11, each "pleading, written motion, or other paper" provided to a federal district court carries an implied certification that:

> [T]o the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery;
>
> . . .

Fed. R. Civ. P. 11(b). In the Sixth Circuit, the test for imposing Rule 11 sanctions is "whether the individual's conduct was objectively reasonable under the circumstances." *Nieves v. City of Cleveland*, 153 F. App'x 349, 352 (6th Cir. 2005) (citing *Jackson v. Law Firm of O'Hara, Ruberg, Osborne & Taylor*, 875 F.2d 1224, 1229 (6th Cir. 1989)). To determine objective reasonableness, the court must ask "whether the position advanced by a party was supported by a reasonable inquiry into the applicable law and relevant facts." *Advo Sys., Inc. v. Walters*, 110 F.R.D. 426, 430 (E.D. Mich. 1986) (citations omitted). Whether a "reasonable inquiry" was conducted "is judged by objective norms of what reasonable attorneys would have done." *In re Big Rapids Mall Assoc.*, 98 F.3d 926, 930 (6th

Cir. 1996). This objective standard is "intended to eliminate any 'empty-head pure-heart' justification for patently frivolous arguments." Fed. R. Civ. P. 11, Advisory Committee Notes (1993 Amendments); *Tahfs v. Proctor*, 316 F.3d 584, 594 (6th Cir. 2003) ("A good faith belief in the merits of a case is insufficient to avoid sanctions.").

Section 1927 allows a court to require an attorney "who so multiplies the proceedings in any case unreasonably and vexatiously … to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. The Sixth Circuit has held that a court may sanction an attorney under § 1927 for unreasonably and vexatiously multiplying the proceedings "despite the absence of any conscious impropriety." *Jones v. Cont'l Corp.*, 789 F.2d 1225, 1230 (6th Cir. 1986). A court may sanction an attorney pursuant to § 1927, therefore, "without a finding of bad faith, 'at least when an attorney knows or reasonably should know that a claim pursued is frivolous, or that his or her litigation tactics will needlessly obstruct the litigation of nonfrivolous claims.' " *Ridder v. City of Springfield*, 109 F.3d 288, 298 (6th Cir. 1997) (quoting *Jones*, 789 F.2d at 1230). However, " '[t]here must be some conduct on the part of the subject attorney that trial judges, applying the collective wisdom of their experience on the bench, could agree falls short of the obligations owed by a member of the bar to the court and which, as a result, causes additional expense to

3

the opposing party.' " *Id.* (quoting *In re Ruben*, 825 F.2d 977, 984 (6th Cir. 1987)). Under this objective standard, "§ 1927 sanctions require a showing of something less than subjective bad faith, but something more than negligence or incompetence." *Red Carpet Studios Div. of Source Advantage, Ltd. v. Sater*, 465 F.3d 642, 646 (6th Cir. 2006).

Matouk previously filed a motion to dismiss Plaintiffs' claims against him, which this Court granted in part and denied in part in a decision issued March 18, 2015. While the Court dismissed Plaintiffs' denial of access to the courts, Freedom of Information Act, spoliation of evidence, and Michigan Constitution due process claims, it found sufficient factual allegations in Plaintiffs' Amended Complaint to support the many additional claims against Matouk. Matouk now asserts that discovery has revealed evidence undermining Plaintiffs' allegations. Specifically, Matouk refers to his cell phone records for the day Romain disappeared and certain deposition testimony. Matouk asserts that this evidence demonstrates he was in Warren, Michigan working on a multi-jurisdiction task force when Romain disappeared and when a witness, Paul Hawk, claims he saw a woman matching Romain's description and two men (one who he has identified as Matouk) alongside Lakeshore Drive in Grosse Pointe Farms. Matouk further refers to Magistrate Judge Stephanie Davis' decision granting his motion for spoliation sanctions with respect to a photograph array shown to Hawk, which led

4

Hawk to conclude that Matouk was one of the men he saw with the woman on the night of Romain's disappearance.[1]

As an initial matter, the evidence Matouk cites does not undermine all of the factual allegations Plaintiffs make in support of their claims against him.[2] Moreover, there is a gap of approximately forty minutes in the calls contained in Matouk's phone records for the day Romain disappeared, which overlaps the 7:30 to 8:00 p.m. period Hawk estimated he observed three individuals alongside Lakeshore Drive. The Court rejects Matouk's invitation in his reply brief to evaluate whether Matouk in fact could have travelled from Warren to Grosse Pointe Farms in this interval. A motion for sanctions is not the proper vehicle to make that determination.

---

[1] Notably, when granting Matouk's motion for spoliation sanctions, Magistrate Judge Davis only precluded Plaintiffs from "using any evidence stemming from their failure to preserve [the photographs used in the photo array], including disallowing Mr. Hawk's testimony about the images in any manner." (ECF No. 252 at Pg Id 4120.) Magistrate Judge Davis did not preclude Hawk from identifying Matouk at trial as the individual he saw with the woman in Grosse Pointe Farms on the night of Romain's disappearance.

[2] In his motion for sanctions, Matouk relates certain facts Magistrate Judge Davis set forth in her decision granting his previous motion for spoliation sanctions. (ECF No. 277 at Pg ID 5110-5111.) It important to point out that those were facts based on evidence Matouk presented in his motion. No judicial determination has been made as to whether those facts are undisputed and therefore conclusively established for purposes of this case. Dispositive motions are pending before this Court. Only after reviewing those motions will the Court decide which facts are disputed and which are not.

Matouk and two other individuals may have testified that Matouk was working on a multi-jurisdiction task force in Warren the evening Romain disappeared.  Nevertheless, Matouk has not pointed this Court to specific testimony representing that he was elsewhere when Hawk claims to have seen him in Grosse Pointe Farms or accounting for his whereabouts at any specific time.  In any event, whether to believe Hawk versus another individual who may testify that Matouk was elsewhere raises a credibly question for a jury.  It is not a question for this Court to resolve here and the fact that a question exists suggests that there is no basis for sanctions.

In short, at this juncture, the Court cannot find that Plaintiffs have no foundation for their allegations against Matouk.  As such, the Court finds no basis for imposing sanctions against Plaintiffs under Rule 11 or § 1927.

Accordingly,

**IT IS ORDERED**, that Defendant Timothy J. Matouk's Motion for Sanctions (ECF No. 277) is **DENIED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: April 21, 2017

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, April 21, 2017, by electronic and/or U.S.

First Class mail.

                                                     s/ Richard Loury
                                                     Case Manager