UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ESTATE OF JOANN MATOUK ROMAIN,
et al.,

       Plaintiffs,

v.                                                                  Civil Case No. 14-12289
                                                               Honorable Linda V. Parker

CITY OF GROSSE POINTE FARMS,
et al.

       Defendants.
_____/

## OPINION AND ORDER REJECTING PLAINTIFFS' OBJECTIONS [ECF NO. 290] TO THE MAGISTRATE JUDGE'S FEBRUARY 14, 2017 ORDER [ECF NO. 287]

This matter currently is before the Court on Plaintiffs' objections to Magistrate Judge Stephanie Davis' February 14, 2017 order denying Plaintiffs' Motion to Compel Third Party William Matouk to Answer Deposition Questions. Magistrate Judge Davis denied the motion, reasoning that the deposition did not occur until three weeks after the discovery deadline, Plaintiffs' counsel never sought the court's assistance during the deposition or immediately thereafter, Plaintiffs' counsel waited almost a full month after the deposition to file the motion to compel, and Plaintiffs failed to articulate a justification for the further testimony sought from William Matouk. (ECF No. 287 at Pg ID 5699-5700.) As to the

latter, Magistrate Judge Davis concluded that the additional information sought was neither relevant nor likely to lead to the discovery of relevant evidence.

Plaintiffs object to this ruling, arguing first that the deposition occurred after the discovery deadline only because William Matouk evaded service of the subpoena, which originally had the deposition noticed for the date of the discovery deadline. Plaintiffs indicate that William Matouk finally was served on November 23, 2016, but the next date Defendants' attorneys were available for the deposition was December 9, 2016. Plaintiffs indicate that the court was not contacted during the deposition because, to accommodate William Matouk's schedule, it began at 6:00 a.m. While Plaintiffs' counsel intended to file a motion to compel, the delay in obtaining the transcript, obligations out of state, and the holiday season prevented him from doing so until January 4, 2017.

As to the relevance of the additional testimony sought, Plaintiffs contend that the magistrate judge's determination was clearly erroneous. Plaintiffs point out that none of the Defendants nor William Matouk responded to their motion to compel to contend that the additional information sought was not relevant. Plaintiffs then list nine "representations" to demonstrate relevance.

When a party objects to a magistrate judge's non-dispositive decision, the reviewing court must affirm the magistrate judge's ruling unless the objecting

party demonstrates that it is "clearly erroneous" or "contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A). The "clearly erroneous" standard does not empower a reviewing court to reverse a magistrate judge's finding because it would have decided the matter differently. *See, e.g., Anderson v. Bessemer City, N.C.*, 470 U.S. 564, 573-74 (1985). Instead, the "clearly erroneous" standard is met when despite the existence of evidence to support the finding, the court, upon reviewing the record in its entirety, " 'is left with the definite and firm conviction that a mistake has been committed.' " *Id*. (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)).

" 'An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure.' " *Mattox v. Edelman*, No. 12-13762, 2014 WL 4829583, at *2 (E.D. Mich. Sept. 29, 2014) (quoting *Ford Motor Co. v. United States*, No. 08-12960, 2009 WL 2922875, at *1 (E.D. Mich. Sept. 9, 2009)). The reviewing court "must exercise independent judgment with respect to the magistrate judge's conclusions of law." *Haworth, Inc. v. Herman Miller, Inc.*, 162 F.R.D. 289, 291 (W.D. Mich. 1995) (citing *Gandee v. Glaser*, 785 F. Supp. 684, 686 (S.D. Ohio 1992), *aff'd* 19 F.3d 1432 (6th Cir. 1994)). Plaintiffs fail to establish that Magistrate Judge Davis' February 14, 2017 decision was clearly erroneous or contrary to law.

Plaintiffs may have reasonable explanations for why William Matouk's deposition was taken after the close of discovery and their counsel did not contact the Court or file their motion to compel immediately after the deposition concluded. Nevertheless, they fail to establish that further questioning of William Matouk is needed. The relevant information Plaintiffs identified in their motion and objections was addressed in his testimony. What information William Matouk refused to provide (i.e., responses to questions concerning alleged illegal activity at his business) appears to be otherwise known to Plaintiff and/or is not relevant to this case.

For these reasons, the Court rejects Plaintiffs' objections to Magistrate Judge Davis' February 14, 2017 order and the order is **AFFIRMED**.

**IT IS SO ORDERED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: April 21, 2017

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, April 21, 2017, by electronic and/or U.S. First Class mail.

s/ Richard Loury
Case Manager