UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ESTATE OF JOANN MATOUK ROMAIN
et al.,

       Plaintiffs,

v.                                                          Civil Case No. 14-12289
                                                              Honorable Linda V. Parker

CITY OF GROSSE POINTE FARMS,
et al.

       Defendants.
_____/

**<u>OPINION AND ORDER ADOPTING IN PART AND REJECTING IN PART PLAINTIFFS' OBJECTIONS [ECF NO. 270] TO THE MAGISTRATE JUDGE'S JANUARY 11, 2017 ORDER</u>**

This matter currently is before the Court on Plaintiffs' objections to Magistrate Judge Stephanie Davis' January 11, 2017 order on Defendant Timothy J. Matouk's Motion for a Protective Order and Defendants' Motion for Sanctions to the extent the magistrate judge precluded Plaintiffs from using Defendants' cellular numbers in any way. Plaintiffs filed their objections to the order on January 25, 2017. Subsequently, Defendants filed responses to the objections (ECF Nos. 271, 272) and Plaintiffs filed a reply brief. (ECF No. 275.) For the reasons that follow, the Court rejects Plaintiffs' objections.

## Standard of Review

When a party objects to a magistrate judge's non-dispositive decision, the reviewing court must affirm the magistrate judge's ruling unless the objecting party demonstrates that it is "clearly erroneous" or "contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A). The "clearly erroneous" standard does not empower a reviewing court to reverse a magistrate judge's finding because it would have decided the matter differently. *See, e.g., Anderson v. Bessemer City, N.C.*, 470 U.S. 564, 573-74 (1985). Instead, the "clearly erroneous" standard is met when despite the existence of evidence to support the finding, the court, upon reviewing the record in its entirety, " 'is left with the definite and firm conviction that a mistake has been committed.' " *Id.* (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)).

" 'An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure.' " *Mattox v. Edelman*, No. 12-13762, 2014 WL 4829583, at *2 (E.D. Mich. Sept. 29, 2014) (quoting *Ford Motor Co. v. United States*, No. 08-12960, 2009 WL 2922875, at *1 (E.D. Mich. Sept. 9, 2009)). The reviewing court "must exercise independent judgment with respect to the magistrate judge's conclusions of law." *Haworth, Inc. v. Herman Miller, Inc.*, 162

F.R.D. 289, 291 (W.D. Mich. 1995) (citing *Gandee v. Glaser*, 785 F. Supp. 684, 686 (S.D. Ohio 1992), *aff'd* 19 F.3d 1432 (6th Cir. 1994)).

**Procedural Background**

On December 1, 2016, Magistrate Judge Davis held oral argument with respect to Plaintiffs' motion to compel the production of certain documents by the Grosse Pointe Farms and Grosse Pointe Woods Defendants. As relevant to Plaintiffs' current objections, Plaintiffs sought to obtain the cell phone records of the individual police officers named as defendants in this lawsuit. Magistrate Judge Davis denied Plaintiffs' request for the information reasoning, in part, that Plaintiffs failed to sufficiently articulate its relevancy.

In the meantime, Plaintiffs notified Defendants of a subpoena issued on November 11, 2016, for the deposition of non-party witness Charles Edward Milam on December 5, 2016. Because the Third Amended Scheduling Order establishes a November 15, 2016 deadline for discovery, and because Plaintiffs never previously disclosed Milam as a witness, Defendant Timothy J. Matouk filed a motion for a protective order seeking to quash the deposition subpoena on November 23, 2016. (ECF No. 253.)

Shortly thereafter, Defendants Daniel Jensen, Richard Rosati, and John Walko filed a motion for sanctions and to strike testimony provided at the

December 9, 2016 deposition of non-party witness William Matouk. (ECF No. 259.) Specifically, during the deposition, Plaintiffs' counsel asked William Matouk if he possessed the cellular telephone numbers of the individual officers named as defendants in this action and, if he did, what those numbers are. Jensen, Rosati, and Walko argued that Plaintiffs' counsel violated Magistrate Judge Davis' December 1, 2016 ruling by seeking this information and that the information William Matouk provided in response should be stricken from the record.

Magistrate Judge Davis held a hearing with respect to the above motions on January 11, 2017. Magistrate Judge Davis granted Matouk's motion for a protective order from the bench, concluding that Plaintiffs scheduled Milam's deposition after the deadline for discovery and failed to articulate good cause to extend the deadline. Magistrate Judge Davis also issued her ruling from the bench with respect to Jensen's, Rosati's, and Walko's motion for sanctions and to strike testimony.

Magistrate Judge Davis began by repeating her earlier finding that Plaintiffs failed to articulate the relevancy of the individual officers' cellular phone records, including their phone numbers. She therefore granted the motion to strike any reference to those phone numbers from the record. Magistrate Judge Davis denied the request for sanctions based on the solicitation of this information by Plaintiffs'

counsel, however, recognizing that counsel perhaps misconstrued her prior ruling as not barring the information sought during the deposition. Plaintiffs' counsel sought clarification as to whether Magistrate Judge Davis also was striking William Matouk's deposition testimony that he had the cellular phone numbers of some of the defendant officers in his contacts. Magistrate Davis responded that she was not striking this testimony.

### Plaintiffs' Objections

Plaintiffs object to Magistrate Judge Davis' ruling with respect to Matouk's motion for a protective order, arguing that they only learned of Milam's identify days prior to the discovery cut-off. Plaintiffs argue that the magistrate judge failed to consider the reasons for their delay in deposing Milam. Plaintiffs also argue that the magistrate judge should have considered the lack of prejudice to Defendants if Plaintiffs were allowed to proceed with the deposition.

As to Magistrate Judge Davis' ruling with respect to the officers' phone numbers, Plaintiffs argue that the magistrate judge erred in concluding that her previous ruling concerning the officers' phone records applied to the identification of their numbers. Plaintiffs point out that Magistrate Judge Davis' December 1, 2016 decision addressed Plaintiffs' motion to compel Defendants' production of the phone records, rather than a request of a third party witness concerning phone

5

numbers. Plaintiffs further indicate that in a previous decision, Magistrate Judge Davis held that the identification of cell phone numbers and subscribers of third parties was not deserving of a protective order. Plaintiffs contend that "[i]t is incongruous that non-parties could be identified but Defendants are somehow entitled to enhanced protection."

**Analysis**

Matouk cited Federal Rules of Civil Procedure 16(f)(1)(C) and 26(c) in support of his motion for a protective order precluding Plaintiffs from deposing Milam. Rule 16(f)(1)(C) allows for "sanctions" for: (A) the failure to appear at a scheduling or other pretrial conference; (B) being substantially unprepared to participate—or not participating in good faith—in the conference; or (C) failing to obey a scheduling or other pretrial order.[1] In his motion, Matouk did not ask for

---

[1] The subpoena for Milam's deposition was issued before the discovery cut-off. Plaintiffs state that they "reasonably believed that the discovery cutoff was the last date to serve discovery requests." (ECF No. 256 at Pg ID 4134.) Whether Plaintiffs' belief was correct and whether they acted in good faith would be relevant to deciding whether sanctions are appropriate. However, as Matouk sought a protective order rather than sanctions, the Court need not answer those questions. Moreover, the Court notes that there may be some ambiguity as to whether the scheduling order sets a deadline for seeking discovery as opposed to conducting discovery. Some jurisdictions provide a clear answer through their local rules or case law interpreting the Federal Rules of Civil Procedure. *See, e.g., Finwall v. City of Chicago*, 239 F.R.D. 494, 498-99 (N.D. Ill. 2006) ("[T]he Local Rules of the Northern District of Illinois … provide with exacting specificity that a (cont'd …)

sanctions. Instead, he asked the court to quash Plaintiffs' deposition subpoena. Rule 26(c) provided Matouk with the authority to seek and the magistrate judge to grant that request.[2] Under Rule 26(c), "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expenses." Fed. R. Civ. P. 26(c). Yet Matouk did not assert and Magistrate Judge Davis did not find any of these reasons as a basis for precluding Plaintiffs from deposing Milam.

---

deadline for discovery means that discovery must be *completed by that date*.); *Bishop v. Potter*, No. 08-cv-00726, 2010 WL 2775332, at *1 (D. Nev. July 14, 2010) ("This Court has previously found that in order for discovery requests to be timely, the requesting party must serve them at least 30 days before the discovery cutoff in order to allow the other party sufficient time to respond."). This Court is unaware of any rule or case law clarifying what the deadline means in this District.
[2] Federal Rule of Civil Procedure 45 also provides a mechanism for quashing a subpoena. Fed. R. Civ. P. 45(d)(3). District courts within the Sixth Circuit routinely hold, however, that parties to a lawsuit lack standing to challenge a subpoena served on a nonparty absent a claim of privilege. *See, e.g., Donahoo v. Ohio Dep't of Youth Servs.*, 211 F.R.D. 303, 306 (N.D. Ohio 2002); *J.B. Hunt Transp., Inc. v. Adams*, No. 04-cv-70347, 2007 WL 789042, at *2 (E.D. Mich. March 14, 2007) ("Without addressing the merits of J.B. Hunt's arguments, the court finds that J.B. Hunt lacks standing to move to quash the Gambro subpoenas. Gambro itself has not objected to the subpoenas or moved to quash them."); *see also Mann v. Univ. of Cincinnati*, Nos. 95-3195 and 95-3292, 1997 WL 280188, at *4 (6th Cir. May 27, 1997) (citing 9A Charles Alan Wright and Arthur R. Miller, Federal Practice and Procedure § 2459 (1995) (noting that "ordinarily a party has no standing to seek to quash a subpoena issued to someone who is not a party to the action unless the party claims some personal right or privilege with regard to the documents sought")).

7

Instead, Magistrate Judge Davis considered whether Plaintiffs established "good cause" for their delay in deposing Milam, which is the showing required to modify a scheduling order. Fed. R. Civ. P. 16(b)(4). As Matouk points out in his response to Plaintiffs' objections, Plaintiffs did not file a request to modify the scheduling order to take Milam's deposition. (ECF No. 272 at Pg ID 4393-94.) In fact, the parties agreed to conduct other depositions beyond the discovery cutoff without seeking the Court's consent to modify the scheduling order. (*See* ECF No. 256 at Pg ID 4134.)

Because Magistrate Judge Davis applied the legal standard required to modify a scheduling order, and because Matouk does not assert "annoyance, embarrassment, oppression, or undue burden or expense" resulting from the deposition, the Court is reversing Magistrate Judge Davis' decision granting Matouk's motion for a protective order. The Court, however, finds no error with respect to Magistrate Judge Davis' ruling on Jensen's, Rosati's, and Walko's motion to strike their telephone numbers from William Matouk's deposition testimony.

At the December 1, 2016 motion hearing, Magistrate Judge Davis held that Plaintiffs failed to sufficiently articulate the relevancy of the individual officers' phone records. No party objected to that decision. While Plaintiffs' counsel may

8

not have understood the decision as barring discovery with respect to the officers' phone numbers—a reason why the officers' additional request for sanctions was not granted—Magistrate Judge Davis clarified at the January 11, 2017 hearing that this was included in her earlier ruling. Magistrate Judge Davis reiterated that Plaintiffs failed to explain how this information was relevant to this lawsuit. Magistrate Judge Davis did not clearly err in reaching this conclusion. What Plaintiffs assert is relevant to their case is the fact that William Matouk had the phone numbers of the defendant officers in his contacts. Magistrate Judge Davis did not strike this evidence.

For these reasons, the Court accepts in part and rejects in part Plaintiffs' objections to Magistrate Judge Davis' January 11, 2017.

Accordingly,

**IT IS ORDERED** that the magistrate judge's decision with respect to Defendant Timothy J. Matouk's motion for protective order (ECF No. 253) is **REVERSED** and the motion is **DENIED**;

**IT IS FURTHER ORDERED** that the magistrate judge's decision with respect to the motion for sanctions and to strike testimony filed by Defendants

Daniel Jensen, Richard Rosati, and John Walko (ECF No. 259) is **AFFIRMED**.

                                                                  s/ Linda V. Parker
                                                                  LINDA V. PARKER
                                                                  U.S. DISTRICT JUDGE

Dated: April 24, 2017

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, April 24, 2017, by electronic and/or U.S. First Class mail.

                                                                   s/ Richard Loury
                                                                   Case Manager