UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THE ESTATE OF JOANN MATOUK ROMAIN
and MICHELLE MARIE ROMAIN, in her personal
representative capacity of the Estate,

        Plaintiff,

v.

Civil Case No. 14-cv-12289
Honorable Linda V. Parker

THE CITY OF GROSSE POINTE FARMS,
DANIEL JENSEN, JACK PATTERSON,
ANDREW ROGERS, RICHARD A. ROSATI,
MICHAEL MCCARTHY, KEITH COLOMBO,
ANTONIO TRUPIANO, JOHN WALKO,
FRANK ZIELINSKI, RICKY GOOD,
THE CITY OF GROSSE POINTE WOODS,
ANDREW PAZUCHOWSKI, JOHN KOSANKE,
JOHN ROSS, KEITH WASZAK,
ANTHONY CHALUT, OFFICER JOHN DOE,
TIMOTHY J. MATOUK, JOHN DOE, and
KILLER JOHN DOE,

        Defendants.
_____/

**<u>OPINION AND ORDER DENYING THE GROSSE POINTE FARMS DEFENDANTS' MOTION FOR RECONSIDERATION OF DENIAL OF COSTS AND ATTORNEY FEES (ECF NO. 324) AND MOTION TO ALTER OR AMEND JUDGMENT (ECF NO. 328)</u>**

Plaintiffs filed this civil rights action on June 10, 2014, contending that Defendants conspired to conceal the identity of the individual responsible for the disappearance and death of their decedent, Joann Matouk Romain. Subsequently, Defendants filed motions for summary judgment, which this Court granted in an

opinion and order issued March 7, 2018. (ECF No. 322.) The matter presently is before the Court on two motions filed by the "Grosse Pointe Farms Defendants"[1]: (1) a motion for reconsideration pursuant to Eastern District of Michigan Local Rule 7.1(h)(3), filed March 20, 2018 (ECF No. 324); and (2) a motion to amend or correct the judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, filed March 22, 2018 (ECF No. 328). For the reasons that follow, the Court denies the motions.

The Grosse Pointe Farms Defendants concluded their brief in support of their summary judgment motion, filed February 3, 2017, as follows:

> For the reasons stated, the GPF Defendants request entry of [s]ummary [j]udgment, pursuant to [Federal Rule of Civil Procedure] 56, on Counts II-V of Plaintiffs['] Second Amended Complaint, *and include an award of actual costs and attorney fees*.

(Defs.' Br. at 39, ECF No. 280 at Pg ID 5247, emphasis added.) This was the first and only time the Grosse Pointe Defendants mentioned their entitlement to an award of costs or attorney's fees in their summary judgment motion and brief. As such, they never cited a statute or rule in support of their request, argued why they were entitled to an award, or set forth the amount sought.

---

[1] The Grosse Pointe Farms Defendants are the City of Grosse Pointe Farms, Daniel Jensen, Jack Patterson, Andrew Rogers, Richard Rosati, Michael McCarthy, Keith Colombo, Antonino Trupiano, John Walko, Frank Zielinski, and Ricky Good.

2

At the hearing on Defendants' summary judgment motions, counsel for the Grosse Pointe Farms Defendants renewed their request for costs, *only*, stating simply initially: "We would ask this Court to grant summary judgment on all of the claims and award us costs." (2/20/18 Hr'g Tr. at 16, ECF No. 337 at Pg ID 8083.) On rebuttal, counsel for the Grosse Pointe Farms Defendants closed stating: "Once again, we would ask that the Court end this, frankly, mockery of justice, grant summary judgment to the defendants and award us costs." (*Id*. at 67, Pg ID 8134.) As such, and contrary to their current assertion, the Grosse Pointe Farms Defendants never "[a]t … oral argument … expressly reserved the right, as prevailing parties, to document entitlement to an award … pursuant to 42 U.S.C. § 1988 and 28 U.S.C. § 1927." (Mot. ¶ 2, ECF No. 328 at Pg ID 7972.) The Court denied the request for fees and costs in its March 7, 2018 decision, explaining: "[T]he Court finds Plaintiff's pursuit of this lawsuit meritorious and is therefore denying Defendants' request for attorneys' fees and costs." (Op. and Order at 58, ECF No. 322 at Pg ID 7737.)

The Grosse Pointe Farms Defendants argue in their pending motion that the Court erred in denying their request for attorneys' fees and costs. They contend that they were entitled to an award under 42 U.S.C. § 1988 and 28 U.S.C. § 1927. The Grosse Pointe Farms Defendants now ask the Court to award them over $12,500 in costs and over $380,000 in attorney's fees.

Local Rule 7.1(h) provides that a motion for reconsideration only should be granted if the movant demonstrates that the Court and the parties have been misled by a palpable defect and a different disposition of the case would result from a correction of such defect. E.D. Mich. LR 7.1(h)(3). Palpable defects are those which are "obvious, clear, unmistakable, manifest or plain." *Mich. Dep't of Treasury v. Michalec*, 181 F. Supp. 2d 731, 734 (E.D. Mich. 2002). "It is an exception to the norm for the Court to grant a motion for reconsideration." *Maiberger v. City of Livonia*, 724 F. Supp. 2d 759, 780 (E.D. Mich. 2010). "[A] motion for reconsideration is not properly used as a vehicle to re-hash old arguments or to advance positions that could have been argued earlier but were not." *Smith v. Mount Pleasant Pub. Sch.*, 298 F. Supp. 2d 636, 637 (E.D. Mich. 2003) (citing *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F. 3d 367, 374 (6th Cir.1998)).

Motions to alter or amend judgment pursuant to Rule 59(e) may be granted only if there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice. *Gencorp., Inc. v. Am. Int'l Underwriters*, 178 F. 3d 804, 834 (6th Cir. 1999). One district court in this circuit has aptly described the concept of "manifest injustice" as follows:

> As applied to Rule 59(e), no general definition of manifest injustice has ever been developed; courts instead look at the matter on a case-by-case basis. *Torre v. Federated Mutual Ins. Co.*, 906 F. Supp. 616, 619

4

> (D.Kan. 1995) (unsubstantiated assertion could not lead
> to a finding of manifest injustice); *Attorney Registration
> & Disciplinary Com. of Supreme Court v. Betts*, 157 B.R.
> 631 (Bankr. N.D. Ill. 1993) (mere disagreement with
> court's findings does not rise to level of manifest
> injustice). What is clear from case law, and from a
> natural reading of the term itself, is that a showing of
> manifest injustice requires that there exist a fundamental
> flaw in the court's decision that without correction would
> lead to a result that is both inequitable and not in line
> with applicable policy.

*McDaniel v. Am. Gen. Fin. Servs., Inc.*, No. 04-2667B, 2007 WL 2084277, at *2 (W.D. Tenn. July 17, 2007) (unpublished). The Sixth Circuit has advised that "manifest injustice" is not meant to allow a disappointed litigant to 'correct what has—in hindsight—turned out to be a poor strategic decision." *Gencorp.*, 178 F.3d at 834. The Sixth Circuit has further advised generally with respect to Rule 59(e) that it "permits a court to alter or amend a judgment, but it 'may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.'" *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) (citing 11 C. Wright & A. Miller, Federal Practice and Procedure § 2810.1, 127-28 (2d ed. 1995)).

The Grosse Pointe Farms Defendants fail to demonstrate a palpable defect or a clear error of law in the Court's earlier decision to deny them an award of costs and attorney's fees. They also fail to show that an amendment or alteration is necessary to prevent manifest injustice. That is because in their initial motion, the

5

Grosse Pointe Farms Defendants made only a passing reference to their request for an award of their costs and attorney's fees. They asserted no argument for why they were entitled to an award and, importantly, did not cite the rule or statute on which they were relying for their request. "It is not sufficient for a party to mention a possible argument in a most skeletal way, leaving the court to put flesh on its bones." *Meridia Prods. Liability Litig. v. Abbott Labs.*, 447 F.3d 861, 868 (6th Cir. 2006) (quoting *McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997)). Additionally, "[i]t is well-established that 'issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.'" *Dillery v. City of Sandusky*, 398 F.3d 562, 569 (6th Cir. 2005) (quoting *United States v. Layne*, 192 F.3d 556, 566 (6th Cir. 1999)) (additional citation omitted).

Under these circumstances, the Grosse Pointe Farms Defendants cannot demonstrate that the Court committed a "palpable defect" or "clear error of law" in failing to award them attorney's fees or costs under §§ 1927 or 1988. In short, they are not entitled to relief under Local Rule 7.1(h)(3) or Federal Rule of Civil Procedure 59(e).

Accordingly,

**IT IS ORDERED** that the Grosse Pointe Farms Defendants' Motion for Reconsideration (ECF No. 324) and Motion to Alter or Amend Judgment (ECF No. 328) are **DENIED**.

s/ Linda V. Parker<br>
LINDA V. PARKER<br>
U.S. DISTRICT JUDGE

Dated: June 25, 2018

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, June 25, 2018, by electronic and/or U.S. First Class mail.

s/ R. Loury<br>
Case Manager