UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THE ESTATE OF JOANN MATOUK ROMAIN
and MICHELLE MARIE ROMAIN, in her personal
representative capacity of the Estate,

        Plaintiff,

v.

        Civil Case No. 14-cv-12289
        Honorable Linda V. Parker

THE CITY OF GROSSE POINTE FARMS,
DANIEL JENSEN, JACK PATTERSON,
ANDREW ROGERS, RICHARD A. ROSATI,
MICHAEL MCCARTHY, KEITH COLOMBO,
ANTONIO TRUPIANO, JOHN WALKO,
FRANK ZIELINSKI, RICKY GOOD,
THE CITY OF GROSSE POINTE WOODS,
ANDREW PAZUCHOWSKI, JOHN KOSANKE,
JOHN ROSS, KEITH WASZAK,
ANTHONY CHALUT, OFFICER JOHN DOE,
TIMOTHY J. MATOUK, JOHN DOE, and
KILLER JOHN DOE,

        Defendants.
_____/

## ORDER DENYING DEFENDANT TIMOTHY MATOUK'S
## MOTION FOR AN ORDER TO SHOW CAUSE AND AWARDING SANCTIONS

On November 22, 2016, Magistrate Judge Stephanie Dawkins Davis issued a Report and Recommendation (R&R) recommending that this Court award Defendant Timothy Matouk ("Matouk") the reasonable costs and attorney's fees he expended bringing a successful motion for spoliation sanctions against Plaintiff. (ECF No. 252.) Magistrate Judge Davis recommended that Matouk's counsel be directed to submit an affidavit within fourteen days of the Court's order verifying the amount of expenses

sought. (*Id.* at Pg ID 4120.) She further recommended that Plaintiff be allowed seven days from service of the affidavit to file objections to the amount of costs and fees requested by Matouk. (*Id.*) This Court adopted Magistrate Judge Davis' recommendations in an opinion and order entered January 6, 2017. (ECF No. 265.) In a footnote, the Court indicated: "Magistrate Judge Davis will determine the reasonable costs and attorney's fees to be awarded to Matouk as sanctions, as she is most familiar with the proceedings." (*Id*. at Pg ID 4361.)

On January 18, 2017, Matouk's counsel filed an affidavit stating that a total of $6,735.00 was expended in preparing, submitting, and arguing the motion for sanctions. (ECF No. 268.) Counsel's billing statements were attached to the affidavit. (*Id*. at Pg ID 4369-4372.) Plaintiff filed no objections to the amount sought. No order awarding Matouk a specified amount or directing Plaintiff to pay the award within a period of time was issued.

On April 2, 2018, Matouk filed a motion asking the Court to enter an order requiring Plaintiff to show cause why the sanctions have not been paid. (ECF No. 333.) Plaintiff filed a response, indicating that she does not contest the liability alleged in Matouk's motion. (ECF No. 338.) Plaintiff asserts, however, that the Estate of Joann Matouk Romain has no assets from which to pay the sanctions. (*Id*. at Pg ID 8143.)

Michelle Romain, the personal representative of the estate, provides an affidavit stating that since the estate's creation, it has had no assets of any kind.[1] (ECF No. 338-1 ¶ 4.)

As the Court has never entered an order imposing a specific award of fees and costs to be paid by Plaintiff as spoliation sanctions, it is premature to enter the show cause order Matouk requests. For that reason, the Court is denying Matouk's pending motion. At this time, however, based upon the uncontested billing statements submitted with the affidavit from Matouk's counsel, the Court is ordering Plaintiff to pay sanctions in the amount of $6,735.00 to Matouk within sixty (60) days of this Opinion and Order.

**IT IS SO ORDERED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: July 16, 2018

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, July 16, 2018, by electronic and/or U.S. First Class mail.

s/ R. Loury
Case Manager

---

[1] The burden to prove inability to pay lies with the individual sanctioned. *Garner v. Cuyahoga Cty. Juvenile Court*, 554 F.3d 624, 642 (6th Cir. 2009). The Sixth Circuit has held that "[a]n unsupported claim regarding financial status is clearly insufficient [to satisfy this burden]." *Legair v. Circuit City Stores, Inc.*, 213 F. App'x 436, 440 (2007) (finding counsel's affidavit regarding his financial status insufficient without supporting documentation or any evidence of income or net worth). As such, Michelle Romain's affidavit asserting an inability of Plaintiff to pay the imposed sanction would not satisfy a show cause order for why Plaintiff has not paid the spoliation sanctions.