UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THE ESTATE OF JOANN MATOUK ROMAIN
and MICHELLE MARIE ROMAIN, in her personal
representative capacity of the Estate,

        Plaintiff,

v.

        Civil Case No. 14-cv-12289
        Honorable Linda V. Parker

THE CITY OF GROSSE POINTE FARMS,
DANIEL JENSEN, JACK PATTERSON,
ANDREW ROGERS, RICHARD A. ROSATI,
MICHAEL MCCARTHY, KEITH COLOMBO,
ANTONIO TRUPIANO, JOHN WALKO,
FRANK ZIELINSKI, RICKY GOOD,
THE CITY OF GROSSE POINTE WOODS,
ANDREW PAZUCHOWSKI, JOHN KOSANKE,
JOHN ROSS, KEITH WASZAK,
ANTHONY CHALUT, OFFICER JOHN DOE,
TIMOTHY J. MATOUK, JOHN DOE, and
KILLER JOHN DOE,

        Defendants.
_____/

## OPINION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR RELIEF

This matter is before the Court on Plaintiff's motion for relief from this Court's July 10, 2019 order. In that decision, the Court amended an earlier order awarding spoliation sanctions to Defendant Timothy Matouk by requiring Plaintiff's counsel, rather than Plaintiff, to pay the award. Plaintiff argues that the Court erroneously relied on Federal Rule of Civil Procedure 60 as the basis for amending the order. According to

Plaintiff, the Court could not amend its earlier order because the case was on appeal. Plaintiff also argues that the Court should not have sanctioned one of her attorneys, Keith Altman, because he had not entered his appearance when the sanctioned conduct occurred. The Court rejects Plaintiff's jurisdictional argument but agrees that Mr. Altman should not have been required to pay the sanctions.

Rule 60 allows a court to amend an order but curtails that right "after an appeal has been docketed in the appellate court and while it is pending …." Fed. R. Civ. P. 60(a). However, that limitation only applies if the order the court seeks to amend has been appealed. While certain decisions by this Court were on appeal when the amended sanctions order was entered, there never was an appeal of the sanctions order. Stated differently, the sanctions award was not an issue presented to the Sixth Circuit. "The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control" but only "*over those aspects of the case involved in the appeal*." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) (emphasis added). " '[A] timely notice of appeal … does not divest a district court of jurisdiction over matters collateral to the main cause of action.'" *United States v. Gallion*, 534 F. App'x 303, 309 (6th Cir. 2013) (quoting *AAA Venetian Blind Sales, Inc. v. Beaulieu of Am., Inc.*, Nos. 96-1108, 96-1844, 1997 WL 476517, at *4 (6th Cir. Aug. 19, 1997)).

Plaintiff also points out in her motion that Keith Altman had not yet entered his appearance as her counsel when the spoliation at issue occurred. According to Mr. Matouk's motion for spoliation sanctions, the misconduct occurred during a meeting on June 19, 2014, and involved Solomon Radner and Ari Kresch. (ECF No. 202 at Pg ID 3240.) Mr. Altman entered his appearance in this case in June 2016. (ECF No. 195.) The Court therefore agrees that the amended order should not have held Mr. Altman jointly liable for the spoliation award.

Plaintiff lastly asks the Court to set aside the order because her counsel has now paid the sanctions in full. The Court does not see this as a reason to revoke its decision.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Relief from Order (ECF No. 357) is **GRANTED IN PART AND DENIED IN PART** in that the Court only relieves attorney Keith Altman from liability to pay Defendant Timothy Matouk spoliation sanctions under the July 10, 2019 order.

**IT IS SO ORDERED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: October 11, 2019