UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THE ESTATE OF JOANN MATOUK ROMAIN
and MICHELLE MARIE ROMAIN, in her personal
representative capacity of the Estate,

        Plaintiff,

v.

        Civil Case No. 14-cv-12289
        Honorable Linda V. Parker

THE CITY OF GROSSE POINTE FARMS,
DANIEL JENSEN, JACK PATTERSON,
ANDREW ROGERS, RICHARD A. ROSATI,
MICHAEL MCCARTHY, KEITH COLOMBO,
ANTONIO TRUPIANO, JOHN WALKO,
FRANK ZIELINSKI, RICKY GOOD,
THE CITY OF GROSSE POINTE WOODS,
ANDREW PAZUCHOWSKI, JOHN KOSANKE,
JOHN ROSS, KEITH WASZAK,
ANTHONY CHALUT, OFFICER JOHN DOE,
TIMOTHY J. MATOUK, JOHN DOE, and
KILLER JOHN DOE,

        Defendants.
_____/

**OPINION AND ORDER GRANTING IN PART AND DENYING IN PART THE GROSSE POINTE FARMS DEFENDANTS' MOTION FOR COSTS AND ATTORNEY'S FEES**

On March 7, 2018, this Court granted summary judgment to Defendants and dismissed Plaintiff's complaint but denied the Grosse Pointe Farms Defendants' request for an award of attorney's fees and costs. The Grosse Pointe Farms Defendants filed a Motion for Reconsideration with respect to the decision denying them an award of fees

and costs, which was denied. On appeal, the Sixth Circuit affirmed this Court's summary judgment decision but remanded the matter to address the fee and cost request. The matter is now before the Court on the Grosse Pointe Farms Defendants' Motion for Costs and Attorney's Fees under Rule 54 of the Federal Rules of Civil Procedure, 42 U.S.C. § 1988, and 28 U.S.C. § 1927. (ECF No. 365). The motion has been fully briefed. (ECF Nos. 367, 368.)

## Costs Under Rule 54

Rule 54 provides in relevant part that, "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." The rule "creates a presumption in favor of awarding costs, but allows denial of costs at the discretion of the trial court." *White & White, Inc. v. Am. Hosp. Supply Corp.*, 786 F.2d 728, 730 (6th Cir. 1986). "The exercise of such discretion is not beyond review[,]" however. *Id*. (citations omitted).

The Sixth Circuit has identified several instances where a court should deny costs to the prevailing party:

> Such circumstances include cases where taxable expenditures by the prevailing party are "unnecessary or unreasonably large", cases where the prevailing party should be penalized for unnecessarily prolonging trial or for injecting unmeritorious issues, cases where the prevailing party's recovery is so insignificant that the judgment amounts to a victory for the defendant, and cases that are "close and difficult".

2

*Id.* (internal citations omitted). The Sixth Circuit has advised courts to ignore the size of a successful litigant's recovery and the ability of the prevailing party to pay his or her costs when exercising its discretion. *Id.* (citations omitted). But a court may consider "the good faith the losing party demonstrates in filing, prosecuting or defending [the] action" and "the propriety with which the losing party conducts the litigation." *Id.* (citations omitted).

The presumption in favor of awarding costs has not been overcome in this case. The costs that may be taxed by a judge or clerk of court are set forth in 28 U.S.C. § 1920. The Grosse Pointe Farms Defendants may submit their request for costs in accordance with the statute. To the extent Plaintiff objects to the Clerk of Court's taxation, the Court will decide whether Plaintiff demonstrates that the taxation was improper. *See BDT Prods., Inc. v. Lexmark Int'l, Inc.*, 405 F.3d 415, 420 (6th Cir. 2005) (explaining that "[t]he party objecting to the clerk's taxation has the burden of persuading the court that it was improper").

### Attorney's Fees Under 42 U.S.C. § 1988 and 28 U.S.C. § 1927

Section 1988 grants courts the discretion in most cases to "allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs[.]" 42 U.S.C. § 1988. However, in civil rights actions, such an award "is 'an extreme sanction, and must be limited to truly egregious cases of misconduct.'" *Garner v. Cuyahoga Cty.*

3

*Juvenile Ct.*, 554 F.3d 624, 635 (6th Cir. 2009) (quoting *Jones v. Cont'l Corp.*, 789 F.2d 1225, 1232 (6th Cir. 1986)).  The Sixth Circuit has therefore held that "'a prevailing *defendant* should only recover upon a finding by the district court that 'the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith.'"  *Id*. (quoting *Wayne v. Vill. of Sebring*, 36 F.3d 517, 530 (6th Cir. 1994) (quoting *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421 (1978))) (emphasis in original).

Section 1927 permits a court to award sanctions in the form of costs, expenses, and attorney's fees against an attorney or person "who … multiplies the proceedings … unreasonably and vexatiously."  28 U.S.C. § 1927.  For a court to award sanctions under § 1927, the attorney or party need not have acted with "subjective bad faith" but must have acted with "something more than negligence or incompetence."  *Red Carpet Studios Div. of Source Advantage, Ltd. v. Sater*, 465 F.3d 642, 646 (6th Cir. 2006).  Sanctions are appropriate if an attorney "abuses the judicial process or knowingly disregards the risks that his or her conduct will needlessly multiply the proceedings.  *Id*.  The Sixth Circuit has found this standard satisfied "'when an attorney knows or reasonably should know that a claim pursued is frivolous.'"  *Tareco Prop., Inc. v. Morriss*, 321 F.3d 545, 550 (6th Cir. 2003) (quoting *Jones*, 789 F.2d at 1230).

4

This Court has concluded that Plaintiff's lawsuit was not frivolous, unreasonable, or without foundation. Plaintiff's counsel did not unreasonably or vexatiously multiply the proceedings. Nor did counsel engage in conduct that "falls short of the obligations owed by the member of the bar to the court and which, as a result, causes additional expense to the opposing party." *In re Ruben*, 825 F.2d 977, 984 (6th Cir. 1987).

When no evidence pointed to a defendant's involvement in the investigation of Joann Matouk Romain's disappearance, counsel dismissed that individual. In the end, Plaintiff was not able to establish a viable claim based on the evidence uncovered. This does not mean, however, that Plaintiff's claims were unworthy of pursuit. It has never been determined whether Ms. Romain was murdered. While Plaintiff was not, in the end, able to develop the evidence necessary to establish a recognized legal claim, the evidence she presented did raise suspicion about the circumstances surrounding Ms. Romain's disappearance and the police investigation (including law enforcement's immediate conclusion that Ms. Romain voluntarily entered Lake St. Clair on a cold winter evening, the officer's visit to Ms. Romain's residence inquiring about her whereabouts immediately after an abandoned vehicle was located which was not registered in her name, a witness' report of seeing someone who looked like Ms. Romain with two men on the evening of her disappearance next to the lake, and law enforcement's failure to interview reasonable suspects).

Notably, the Grosse Pointe Farms Defendants filed a motion to dismiss in this action only after Plaintiff filed her second amended complaint, which was filed almost a year after Plaintiff filed her original complaint and raised the same claims alleged in Plaintiff's previous two pleadings. Also notable is the fact that, in their motion, the Grosse Pointe Defendants sought dismissal of only one of the four claims Plaintiff asserted against them. The Sixth Circuit has stated that "'[a] sanction is generally improper where a successful motion could have avoided any additional legal expense by the defendants.'" *Lowery v. Jefferson Cty. Bd. of Educ.*, 586 F.3d 427, 438 (6th Cir. 2009) (quoting *In re Ruben*, 825 F.2d at 988). Moreover, the Court denied the Grosse Pointe Farms Defendants' motion.

For these reasons, the Court is **GRANTING** the Grosse Pointe Farms Defendants' motion for costs pursuant to Rule 54 of the Federal Rules of Civil Procedure but is **DENYING** their motion for attorney's fees and sanctions under 42 U.S.C. § 1988 and 28 U.S.C. § 1927.

**IT IS SO ORDERED**.

          s/ Linda V. Parker
          LINDA V. PARKER
          U.S. DISTRICT JUDGE

Dated: June 17, 2020